UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:22-cv-12412 |
| v. | ) |
| | ) |
| **Haggerty Novi Owner, LLC,** a Delaware Limited Liability Company, | ) Judge: |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against the Defendant **Haggerty Novi Owner, LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the

same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. **Haggerty Novi Owner, LLC** owns or operates a place of public accommodation, a hotel known as Sheraton Detroit Novi Hotel, is located at 21111 Haggerty Rd, Novi, MI 48375 in Oakland County. Plaintiff has patronized and has been a guest at Defendant's hotel located therein as a place(s) of public accommodation.

6. Upon information and belief, the hotel owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair and motorized scooter for mobility and can occasionally walk short distances with the use of a cane.

8. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, sister and cousins in suburban Detroit and Ann Arbor areas. Plaintiff frequents many establishments in the Oakland County region and has been a customer and overnight lodging guest at the property that forms the basis of this lawsuit on multiple occasions.

9. Mr. Fultz patronized the Defendant's hotel while in town to visit with his grandchildren and to attend his grandson's hockey and baseball games. While staying as an overnight guest on October 15, 2021, at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations.  These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of

other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. Upon information and belief, this Defendant and property were previously the subject of an ADA public accommodations lawsuit, case number 2:19-cv-10792 in the Eastern District of Michigan.  This plaintiff was not a party to the lawsuit, nor was or is he a party to any outcome or settlement therein nor bound by any of the aforementioned possible settlement's terms and conditions.  The Plaintiff asserts this property remains non-compliant with the ADA and its implementing regulations 30 years after passage of the Americans with Disabilities Act and at minimum 3 years after being provably put on notice of the property's deficiencies and barriers to handicap access in federal district court litigation.

15. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

**POOL AREA**

A. In the pool area, there are not two accessible mean of entry nor is there and accessible Pool Lift located at the indoor pool, in violation of the ADA section 1009.2 of the 2010 Standards whose remedy is readily achievable.

B. In the pool area, the roll-in type showers are not designed with accessible features whereas they are missing grab bars or a removable shower head with hose, in violation of the ADA section 608 of the ADA Standards and 1991 ADAAG section 4.21 whose remedy is readily achievable.

C. The door to access the swimming pool exceeds the maximum allowable opening force, whereas it required 16 lbs of pressure, in violation of the ADA and section 404.2.9 of the 2010 Standards and 1991 ADAAG section 4.13.11 whose remedy is readily achievable.

Swimming Pool Restrooms

D. At the men's restroom in the pool area, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is readily achievable.

E. In the men's restroom in the pool area, the vertical grab bar blocks the horizontal grab bar on the side wall, in violation of the ADA section 609.3 of the 2010 Standards whose remedy is readily achievable.

F. In the men's restroom in the pool area, the flush handle is located on the wrong side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards whose remedy is readily achievable.

G. Upon information and belief, there are similar barriers to handicap access in the women's restroom in the swimming pool area.

Lobby Restrooms

H. In the lobby men's restroom, the clear floor space of the accessible urinal is impeded, in violation of the ADA section 305 of the 2010 Standards and 1991 ADAAG section 4.18.3 whose remedy is readily achievable.

Parking & Accessible Routes

I. The curbs access on the accessible route from parking to the entrance do not have a level access landing, in violation of section 406.4 of the 2010 Standards whose remedy is readily achievable.

Access to Goods and Services

J. In the hallway, the guest phone is mount too high of the maximum reach range for a front approach, in violation of the ADA section 308.2.1 of the 2010 ADAS Standards whose remedy is readily achievable.

K. In the hotel restaurant the bar service counter does not offer a service counter with an accessible height to conduct transactions, neither is there accessible seating or standing dining surfaces, in violation of the ADA whose remedy is readily achievable.

**FITNESS CENTER**

L. In the fitness center, the route of travel does not provide a minimum width of 36 inches, in violation of the ADA section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3 whose remedy is readily achievable.

M. The door exceeds the maximum allowable opening force, in violation of the ADA and section 404.2.9 of the 2010 Standards and 1991 ADAAG section 4.13.11 whose remedy is readily achievable.

**MOBILITY ACCESSIBLE GUEST ROOM No. 541**

N. In guest room #541, the maneuvering space at the front approach of the entry door does not have the appropriate space as identified by the ADA and section 4.13.6 & 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is readily achievable.

O. In guest room #541, the door exceeds the maximum allowable opening force, in violation of the ADA and section 404.2.9 of the 2010 Standards and 1991 ADAAG section 4.13.11 whose remedy is readily achievable.

P. In guest room #541, the thermostat is mounted too high, in violation of the ADA section 308.1 of the 2010 Standards whose remedy is readily achievable.

Q. In guest room #541, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4 whose remedy is readily achievable.

R. In guest room #541, the route of travel through the room and to guestroom amenities does not provide a minimum width of 36 inches, in violation of the ADA section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3 whose remedy is readily achievable.

S. In guest room #541, the height of the bed is above the recommended measurements, in violation of the ADA's general nondiscrimination provisions, including making reasonable modifications where necessary to provide goods and services to people with disabilities, and the 2010 Standards for Accessible Designs in Places of Lodging whose remedy is readily achievable.

T. The Guest bathroom roll-in shower does not have a fixed permanent shower seat, in violation of section 608.4 of the 2010 Standards whose remedy is readily achievable.

U. In the guest bathroom the water closet rear grab is not compliant length and does not properly extend beyond centerline of the toilet unit, in violation of section 4.16.4 of the 1991 ADAAG and section 604.5.2 of the 2010 Standards whose remedy is readily achievable.

V. In the guest bathroom the flush control of the water closet is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

Guestrooms

W. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms in the class of 1 Bedroom Executive Suite with separate living area but does not offer an accessible variety of this

guestroom. These offers varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

X. Upon information and belief, the **Haggerty Novi Owner, LLC, "Sheraton Detroit Novi,"** has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 239 guestrooms such as this **Sheraton Hotel**, there must be a minimum of 7 mobility accessible guestrooms without a roll-in shower and a minimum of 3 of mobility accessible guestrooms with a roll-in shower, totaling 10 designated mobility accessible guestrooms.

Y. Upon information and belief, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room #541). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Policies and Procedures and other Services

Z. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

AA.     The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of the hotel's high rise for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As

such, guests with mobility impairments including Mark Fultz, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency.

BB. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

16. The discriminatory violations described in Paragraph 15 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The facility at issue, as owned by **Haggerty Novi Owner, LLC** is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans

with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the hotel, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
M.C.L. § 37.1301 *et seq*.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Defendant's **Haggerty Novi Owner, LLC** hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, and in particular, the Defendant has failed to create and provide accessible features in the swimming pool area and certain of the plaintiff's guestroom amenities were and are not accessible to him.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.
**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net